IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:14cv323 |
| | ) | |
| vs. | ) | |
| | ) | |
| $16,836.00 IN UNITED STATES CURRENCY, | ) ) ) | AMENDED ORDER FOR PROGRESSION OF CIVIL FORFEITURE CASE |
| Defendant, | ) | |
| | ) | |
| Adam J. Janson, | ) | |
| | ) | |
| Claimant. | ) | |

    This case is before the court on the Consent Motion to Continue the Progression Order (#14). The motion will be granted and deadlines extended as set out herein.

    **IT IS ORDERED** that the parties ("parties" includes claimants) shall abide by the following:

    1.    Authorization and Sequence of Discovery. The parties may now commence discovery. That discovery required to prepare the case for mediation or other settlement negotiations and that discovery required to prepare the case for possible summary judgment disposition shall be conducted before other discovery.

    2.    Mediation. If mediation has not heretofore been conducted, counsel shall immediately advise the parties that the court expects them to mediate their dispute if they have not already done so, and may order them to participate in settlement discussions, in the presence of the judge if appropriate. Counsel shall notify the undersigned magistrate judge by joint or separate letters by **September 3, 2015**, addressing the following:

    a.    That they have advised their clients of the court's expectations respecting mediation;

    b.    That they have hired a mediator and the name of the mediator hired;

    c.    The date of their scheduled mediation;

    d.    Their joint, or if necessary, separate views on whether the progression of the case should be stayed pending the outcome of their mediation;

    e.    If no mediator has been hired by that time, counsel's estimate of when a mediator can be hired and a mediation held;

    f.    If a mediation previously has been held, the identity of the mediator, the date of the mediation, and their views as to whether another mediation at this time might be successful in resolving the dispute; and

    g.    Whether the parties object to mediation and if so, what the objections are; and

    h.    If the parties have not discussed mediation, what settlement efforts have been undertaken and what actions are planned for the future, together with the timing of such anticipated actions.

Counsel are reminded that if parties do not have the funds immediately available to pay a mediator's fees, the court's Plan for Administration of the Federal Practice Fund and the Mediation Plan (both available at www.ned.uscourts.gov) make the Federal Practice Fund available to advance such fees; if the case ends with any payment of money to that party, the Federal Practice Fund must be reimbursed.

    3.    Mandatory Disclosures. Although this is an action *in rem*, the parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(1)(I) and (ii) by **August 3, 2015**. The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(2) by **September 3, 2015**. The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(3) by **October 4, 2015**.

    4.    The filing of disclosures under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.

    5.    Withholding Documents from Disclosure or Discovery. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about <u>each</u> such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

    6.    Limits on Discovery. Each party is limited to serving twenty-five (25) interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking ten (10) depositions in this case, without leave of court.

7. Motions for Summary Judgment. All motions to dismiss or for summary judgment shall be filed not later than **September 3, 2015**. *See* NECivR 56.1 and 7.1.

8. Adding Parties; Amending Pleadings. Any motion to amend pleadings and/or add parties shall be filed not later than **August 3, 2015**.

9. In lieu of a final pretrial conference, counsel and any *pro se* parties shall prepare a proposed final pretrial conference order in accordance with NECivR 16.2 and submit it to the undersigned magistrate judge by **December 4, 2015**. In the event the court requires additional information or a conference with counsel and any *pro se* parties, the court will arrange a telephone conference after receipt of the proposed final pretrial conference order.

10. Trial is tentatively set for the month of **January 2016**, and is tentatively scheduled for two (2) trial days.

11. Motions to alter dates. All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

DATED: **May 6, 2015**.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge